### STATE *EX REL.* ELLIOTT v. JETER.

1. PLEADINGS—MOTION TO MAKE DEFINITE—DEMURRER.—Where the allegations of a complaint are not sufficiently definite, the remedy is by motion to make more definite, and not demurrer.

2. JUDGE OF PROBATE—SURETIES ON BOND OF—OFFICIAL BONDS.—The sureties on the official bond of a judge of probate are not liable for funds coming into his hands from sales in partition made since November 27, 1878, but are for such funds arising from such sales made before that date.

3. EXCEPTION pointing out no specific error will not be considered.

Before ALDRICH, J., Union, June, 1900.　Reversed.

Action in the name of the State of South Carolina *ex rel.* J. N. Elliott, J. A. Elliott, W. C. Elliott, B. M. Elliott, Linnie V. Elliott and J. H. Stovall against W. T. Jeter, J. Woods Jeter and McA. Pittman, executors of F. C. Jeter. From order sustaining demurrer and dismissing complaint, plaintiffs appeal.

*Mr. J. Clough Wallace,* for appellants, cites: *If partition sale was made by judge of probate before November 27, 1878, he is officially liable for proceeds, and his successors receiving money from predecessor are also officially liable:* 25 S. C., 275; 49 S. C., 510; 1 Wall., 175; 16 How., 432; 18 S. C., 355; 3 M. & S., 396.

*Messrs. Munro, Duncan & Sanders,* contra, cite: *Sureties on bond of public officer are not liable for any defaults out of line of his official duties:* 76 N. W., 474; 10 Rich., 442.

March 14, 1901.　The opinion of the Court was delivered by

MR. JUSTICE POPE.　The following statement of facts is printed in the "Case" as agreed to by both appellants and respondents: "This is an action commenced on May 5th, 1898, against the sureties on the official bond of David Johnson, jr., as judge of probate for Union County, for the

penalty for breaches thereof, and to recover the interest of the relators, plaintiffs, in a fund arising from the sale of the real estate of Isaac Peeler, deceased, made by the probate court in an action brought therein for the partition of said real estate amongst the heirs at law of said Isaac Peeler. The bond was conditioned for the faithful performance of the duties of the said office as then or thereafter required by law during the whole time and period he should continue in said office. The complaint alleges this fund to have been received by David Johnson, jr., as judge of probate in his official capacity, and alleges as breaches of the bond that he failed to pay over to his successors in said office or the parties entitled thereto, the fund so received, and failed to pay relators, plaintiffs, their shares thereof. The case came on to be heard before Judge James Aldrich at the June term of Court, 1900. Upon the reading of the complaint, defendants interposed an oral demurrer thereto upon the ground that it did not state facts sufficient to constitute a cause of action, because it was alleged therein that the fund alleged to have been received, and the failure to pay over and legally administer which constituted the alleged breaches of the bond, was the proceeds of the sale of real estate sold by the probate court for partition between the heirs at law of Isaac Peeler; and as the probate court had no jurisdiction in partition of land, neither the receipt of the fund by the probate court arising from such sale nor its failure to administer it according to law, could under any circumstances fix any liability upon the sureties upon his official bond. His Honor upon the ground above stated alone sustained the demurrer and dismissed the complaint by the following order (title omitted) : 'Upon the call of the above stated case, the attorneys for the defendants interposed a demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action against the defendants. After argument of counsel, it is ordered, that the demurrer be sustained and the complaint dismissed with

costs. James Aldrich, presiding Judge. June 25th, 1900.' "

From this order the plaintiffs now appealed on the following allegations of error:

"1. In sustaining the demurrer and dismissing the complaint.

"2. In holding that the fund sued for being the proceeds of real estate sold by the probate court for partition, the sureties on the official bond of the probate judge could under no circumstances and in no event be liable therefor.

"3. In not holding that if the fund was the proceeds of real estate sold by the probate court for partition previous to November 27th, 1878, the probate court had or would be held to have had jurisdiction of the subject matter, and could officially receive the proceeds of sale and take securities for the purchase money, payable to the probate judge and his successors in office; and that if David Johnson, jr., as judge of probate, received any such funds or collected any such securities and failed to administer the fund according to law, the sureties on his official bond would be liable therefor, and that the plaintiffs had the right so to show (the complaint alleging the money was received officially), and in not overruling the demurrer on this ground.

"4. In not holding that if the sale under decree in partition was made by the probate court before November 27th, 1878, the judgment and sale must stand as an official act to protect the rights of *all* parties vested by such judgment and sale, and it was the duty of the probate court to receive, secure and administer the funds officially, and plaintiff had the right so to show, and in not overruling the demurrer on that ground.

"5. In not holding that the decision in *Davenport* v. *Caldwell,* 10 S. C., 317, had under all the circumstances preceding it, and the universal recognition of the act of the legislature, March 1st, 1870, giving the probate court jurisdiction in partition, as being the law of the land, had only the effect of repealing said act of March 1st, 1870, as a valid

act, and that, therefore, all the sales of land by the probate court in partition previous to November 27th, 1878, were within the scope of their official duties and valid; and that it was the official duty of the probate judge making such sale and his successors in office to receive the proceeds arising therefrom and administer the same, and the sureties on the official bond of any probate judge receiving any such fund would be responsible for its administration as one of his official duties.

"6. In not holding that David Johnson, jr., as judge of probate, had the right, and it was his duty, to collect and receive the proceeds of bonds and mortgages securing such fund turned over to him by his official predecessor, and payable to one as probate judge or his successors in office; and if he in fact so received such monies, the sureties on his official bond would be liable, or at least that they would be liable upon the ground that he had received the same as had his predecessor in office *virtute officio,* and the plaintiff had the right so to show, and in not overruling the demurrer on this ground.

"7. In not holding that if the general statement, 'that the funds were received officially,' was insufficient, plaintiffs might amend, and in not allowing them to do so."

In disposing of these exceptions, we may remark that the agreed statement of facts, as the same appears in the "Case," must govern us in our present investigation, and in this statement it nowhere appears that David Johnson, jr., as probate judge, sold the lands of Isaac Peeler, deceased, for partition among the heirs at law; but it does appear in such statement that he received the proceeds of the sales of the lands of Isaac Peeler, deceased, when sold for partition. If the allegations of the complaint were not sufficiently definite in this regard, it was the duty of the defendants to move to make the complaint more definite, and not to have demurred. However, it is very certain that ever since the cases of *Herndon* v. *Moore,* 18 S. C., 339, and *Schumpert* v. *Smith,* 18 S. C., 358, it has been de-

termined by this Court that all sales of land for partition by courts of probate, which occurred prior to the 27th day of November, 1878, are valid sales; and if, therefore, the sale of the lands of Isaac Peeler, deceased, by the probate court for partition amongst his heirs, occurred prior to the 27th day of November, 1878, such sale was valid; and if valid, the receipt of the proceeds of such sales by any probate judge of Union County would entail upon the sureties to his official bond a liability to pay such proceeds of sale to the parties entitled thereto, if their principal neglected or refused to do so. We recognize the rule as sound, that sureties to the bond of a public official should only be liable for the default of their principal in those cases only where it was a duty, under the law, of their principal to receive funds in his official character. But the trouble with these sureties is that the Supreme Court of this State has several times held that all sales for partition by the probate court occurring prior to the 27th November, 1878, were valid; and being so valid, the probate judge, under the law, was required to receive the proceeds of such sales whether such funds were actually collected prior to the 27th November, 1878, or since that time. Such being the law, the Circuit Judge was in error in not allowing the plaintiffs to show by their evidence, if they could, that Isaac Peeler's lands were sold by the probate court for Union County for partition amongst his heirs prior to the 27th November, 1878, and that the proceeds of such sale made before 27th November, 1878, have been received by David Johnson, jr., as probate judge for said Union County. If the plaintiffs here cannot show by their evidence that Isaac Peeler's land was sold for partition amongst his heirs at law prior to the 27th day of November, 1878, they can have no cause of action against these defendants, even if David Johnson, jr., did receive the proceeds of any sales made after 27th November, 1878; for while he or his estate could be made to respond for such collections on any sales made after 27th November, 1878, the sureties on

his official bond as such probate judge would not be liable therefor.

Such being our views, it necessarily follows that the 2d, 3d, 4th, 5th, 6th and 7th exceptions must be sustained; but the first exception is overruled because it points out no specific error.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the action be remanded to the Circuit Court for a new trial.